# JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVEL ASSETS, INC., *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> MK4 ACES, INC., *et al.*, <br><br> Defendants. | Case No. 2:23-cv-04695-FLA (MAAx) <br><br> **ORDER APPROVING STIPULATED PERMANENT INJUNCTION AND STIPULATION OF VOLUNTARY DISMISSAL WITH PREJUDICE [DKTS. 34, 35]** |

# ORDER

Before the court are Plaintiffs Travel Assets Inc., d.b.a. Smokebuddy, and Gregg Gorski (together, "Plaintiffs"), and Defendants MK4 Aces, Inc., d.b.a. Four Aces Wholesale, Grace Kamar, and Suhaila Kamar's (collectively, "Defendants") Stipulated Permanent Injunction, Dkt. 34, and Stipulation of Voluntary Dismissal with Prejudice ("Stipulation"), Dkt. 35.

Having considered the Stipulated Permanent Injunction and Stipulation, and finding good cause therefor, the court hereby ORDERS:

1. All dates and deadlines governing this action are VACATED.

2. The court DISMISSES the action with prejudice, except the court shall retain jurisdiction for the purpose of enforcing the below Permanent Injunction.

3. The court ADJUDGES the action in favor of Plaintiffs. Defendants shall be permanently ENJOINED as set forth below.

## PERMANENT INJUNCTION

a. The term "Asserted Trademarks" means the marks "SMOKE BUDDY" and "smokebuddy" as set forth in U.S. Trademark Registration Nos. 3,850,687 and 5,819,872;

b. The term "Asserted Trade Dress" means the trade dress embodied in U.S. Trademark Registration Nos. 5,828,631 and 6,145,526;

c. The term "Smokebuddy Air Filter" means the three-dimensional configuration of a distinctive smoke filter embodied in Trademark Registration No. 6,145,526, as well as valid and protectable common law trade dress rights in a distinctive smoke filter;

d. The term "Smokebuddy Character" means the character embodied in Trademark Registration No. 5,828,631 as follows:



e.  The term "Smokebuddy Keychain" means the three-dimensional keychain figure based on the Smokebuddy Character as described in Plaintiffs' Complaint;

f.  The term "Asserted Trademark Rights" means all rights individually and collectively asserted in paragraphs a–e above;

g.  The term "Asserted Copyrights" means the Copyright Registration No. VA0002315303 for the packaging card of personal air filter;

h.  The term "Accused Products" means all counterfeit smoke filter products sold by Defendants in different colors and having the specific shape and design features shown below:



Effective as of June 1, 2024, Defendants, any affiliated companies, and all of their officers, directors, agents, servants, employees, and such other persons who are in active concert or participation, or in privity with any of them shall be permanently restrained and enjoined from:

1. Infringing the Asserted Trademark Rights, by any means, by making, having made, publicly displaying, advertising, having advertised, marketing, having marketed, offering for sale, having offered for sale, or selling any Accused Products and any products using any mark, name, symbol, or logo confusingly similar to or otherwise likely to cause confusion, mistake, or deception with Plaintiffs' Asserted Trademarks;

2. Making, having made, publicly displaying, advertising, having advertised, marketing, having marketed, offering for sale, having offered for sale, or selling any products using any trade dress confusingly similar to or otherwise likely to cause confusion, mistake, or deception with Plaintiffs' Asserted Trade Dress;

3. Making, having made, publicly displaying, advertising, having advertised, marketing, having marketed, offering for sale, having offered for sale, or selling any products having a shape or configuration confusingly similar to or otherwise likely to cause confusion, mistake, or deception with Plaintiffs' Smokebuddy Air Filter;

4. Making, having made, publicly displaying, advertising, having advertised, marketing, having marketed, offering for sale, having offered for sale, or selling any products in association with a character confusingly similar to or otherwise likely to cause confusion, mistake, or deception with Plaintiffs' Asserted Smokebuddy Character;

5. Making, having made, publicly displaying, advertising, having advertised, marketing, having marketed, offering for sale, having offered for sale,

or selling any products in association with a figure confusingly similar to or otherwise likely to cause confusion, mistake, or deception with Plaintiffs' Asserted Smokebuddy Keychain;

    6.    Infringing the Asserted Copyrights, by any means, by making, having made, publicly displaying, advertising, having advertised, marketing, distributing, having marketed, offering for sale, having offered for sale, or selling any Accused Products and any products bearing Plaintiffs' Asserted Copyrights; and

    7.    Representing that Defendants or any of their products are in any way sponsored by, affiliated with, associated with, or endorsed or licensed by Plaintiffs.

Defendants waive irrevocably and fully any and all right to appeal this Permanent Injunction, to have it vacated or set aside, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

IT IS SO ORDERED.

Dated: August 19, 2024

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge